Jeffrey R. BILBO, Plaintiff—Appellant,

v.

DYNCORP, a Delaware Corporation, Defendant—Appellee.

No. 01–57039.

D.C. No. CV–00–00917–DOC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Decided Jan. 8, 2003.

---

Before BROWNING, KOZINSKI and WARDLAW, Circuit Judges.

## MEMORANDUM *

The district court did not err in granting summary judgment to DynCorp on Bilbo's breach of contract claim. Bilbo's employment agreement allowed DynCorp to discharge him for cause, including "[f]ailure . . . to satisfactorily perform his duties under this agreement in a manner acceptable in the trade as those duties are specified by DynCorp and the United States Government." DynCorp argues that this provision allowed it to terminate Bilbo if he was unable to perform his duties under the contract, and Bilbo does not dispute this interpretation.

Uncontradicted evidence showed that the Army considered Bilbo an "embarrassment to the U.S. Army and to NATO forces" and that it had "command directed" DynCorp to "remove [Bilbo] from Bosnia within 72 hours." By ordering Bilbo out of the country, the Army necessarily implied that it would no longer permit him to work at the Army base there. No reasonable jury could find otherwise. Bilbo was unable to perform under the contract, and the Employee Agreement therefore gave DynCorp the right to discharge him.

DynCorp was not required to investigate, give notice or afford a chance to respond in order to determine whether cause existed. *Cf. Cotran v. Rollins Hudig Hall Int'l, Inc.*, 17 Cal.4th 93, 108–09, 69 Cal.Rptr.2d 900, 948 P.2d 412 (1998). The contractual limitations on DynCorp's right to discharge were explicit rather than implied, so the necessary procedures are determined by the agreement's language. *Id.* at 96 n. 1, 69 Cal.Rptr.2d 900, 948 P.2d 412. The agreement does not afford Bilbo any of the procedural safeguards that he demands.

In any case, there is no genuine dispute that cause existed. Bilbo's inability to perform was sufficient cause whether or not the Army's accusations were true. Further investigation may have revealed that the Army's accusations were inaccurate, but it would not have changed the fact that the Army had ordered him out of the

---

country. Even if Bilbo later persuaded the Army to change its mind, cause would still have existed when he was terminated, because Bilbo was unable to perform his duties under the employment agreement at that time.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.